UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,                    Criminal Case No. 3:10-506-KI

        Plaintiff,                    ORDER

     v.

**HOSSEIN LAHIJI; NAJMEH VAHID;
AND AHMAD IRANSHAHI, a.k.a.
"Farhad,"**

        Defendants.

    S. Amanda Marshall
    United States Attorney
    District of Oregon
    Charles F. Gorder, Jr.
    David L. Atkinson
    Assistant United States Attorneys
    1000 SW Third Ave., Suite 600
    Portland, OR 97204-2902

        Attorneys for Plaintiff

Page 1 - ORDER

Michael W. McCrum
700 N. St. Mary's Street
Suite 1900
San Antonio, TX 78205

    Attorney for Defendant Lahiji

Joe A. Cisneros
The Cisneros Law Firm, LLP
312 Lindberg Ave.
McAllen, TX 98501

    Attorney for Defendant Vahid

KING, Judge:

Defendants Hossein Lahiji and Najmeh Vahid (as well as fugitive Ahmad Iranshahi) are charged in a two-count Indictment with conspiracy to defraud the United States, 18 U.S.C. § 371, and conspiracy to commit money laundering, 18 U.S.C. § 1956(h).

Pending before the Court are the Motion to Suppress Statements of Defendant Whether in the Form of Written or Oral Confessions, Statements Against Penal Interest and/or Admission of Guilt and Request for a <u>Jackson v. Denno</u> Hearing [103] and Motion for Discovery and Inspection of Evidence [98] filed by defendants Lahiji and Vahid.

## I.    Motion to Suppress Statements [103]

Defendants requests a hearing, out of the presence of a jury, to determine the lawfulness of any written or oral confessions, statements against interest, or admissions of guilt, pursuant to <u>Jackson v. Denno</u>, 378 U.S. 368 (1964). Defendants then state, with no explanation, "If there is such evidence, it was obtained illegally in violation of Defendant[s'] rights under the Fourth

Amendment of the United States Constitution and Miranda v. Arizona, 384 U.S. 436, 444 (1966)." Vahid's Mot. to Suppress 1.

The government specifically identifies statements that could be used as trial evidence. The government explains none of the statements are important to its case in chief, but that it may use some of them as evidence. The government contends the defendants were never in "custody" requiring Miranda warnings. The government also indicates it may use additional statements in connection with border crossing interviews in cross-examination or rebuttal, depending on what comes up at trial. It will seek a voluntariness ruling prior to doing so.

I requested supplemental briefing from the defendants, to be due 10/1/12, explaining why any statements were obtained in violation of Miranda and why they are entitled to a Jackson-Denno hearing. Defendants subsequently represented to the Court that further briefing was not necessary, but requested that the Court either carry the motion until trial or deny the motion with leave to renew.

The Court denies the motion with leave to renew.

**II.     Motion for Discovery and Inspection of Evidence [98]**

Defendants seek evidence possessed by the government that is required to be disclosed pursuant to Rule 16, Brady, Giglio, and the Due Process Clause. In their motion, defendants identify 26 categories of discovery they are requesting.

The government responds that it has exceeded the requirements of the discovery rules, producing an incredible volume of material–177 disks, up to Bates number 375,887. It has also arranged for security clearances for defense counsel and staff, declassified materials, and arranged "hot documents" in notebooks to identify critical materials.

I requested additional briefing from defendants identifying which categories of discovery remain unresolved, other than the FISA-related issues the government will address later.

Defendants declined to submit additional briefing, indicating that they believe they can resolve any outstanding discovery issues without the Court's involvement.  This motion is denied with leave to renew should the defendants require assistance from the Court.

## CONCLUSION

The Motion to Suppress Statements of Defendant Whether in the Form of Written or Oral Confessions, Statements Against Penal Interest and/or Admission of Guilt and Request for a Jackson v. Denno Hearing [103] and the Motion for Discovery and Inspection of Evidence [98] are both denied with leave to renew.

IT IS SO ORDERED.

DATED this      2nd      day of October, 2012.


    /s/ Garr M. King
Garr M. King
United States District Judge